UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**JINWOOK KOOK** and
**DARRICK HUBBARD,** on
behalf of themselves and
those similarly situated,                                          Case No:

        Plaintiffs,                                                              Hon.

v.

**SURA USA, INC.,**
a Michigan corporation,
**HYE RI CHUN** and
**KIYUL CHO**, individuals.

        Defendants.

_____/

**PLAINTIFFS' COLLECTIVE ACTION
COMPLAINT AND JURY DEMAND**

Plaintiffs, Jinwook Kook and Darrick Hubbard ("Plaintiffs"), by and through their undersigned attorneys, and for their Collective Action Complaint and Jury Demand against Defendants SURA USA, Inc., Hye Ri Chun, and Kiyul Cho (collectively, "Defendants"), state as follows:

**INTRODUCTION**

1. Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), by knowingly suffering or permitting Plaintiffs to work in excess of 40 hours during a workweek without paying overtime compensation at a rate of one-and-one-half times their regular rate.

2. Plaintiffs seek a declaration that their rights were violated, and a judgment awarding their unpaid back wages, liquidated damages, and attorneys' fees and costs to make them whole for damages suffered, and to help ensure Defendants will not subject future workers

to the same unlawful conduct in the future.

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA. At the earliest time possible, Plaintiffs seek permission to send a Court-authorized notice of this action pursuant to 29 U.S.C. § 216(b) to all employees who are presently, or have at any time during the three years immediately preceding the filing of this action, worked for Defendants.

4. Additionally, Plaintiffs bring this action to remedy violations of Michigan law, including but not limited to the Michigan Workforce Opportunity Wage Act, MCL § 408.411, *et seq*. ("WOWA"). At all relevant times, the Michigan Minimum Wage exceeded the amount recoverable under federal law.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims, pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq*.

6. This Court has jurisdiction over this FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

7. Defendants' annual sales exceed $500,000, and Defendants employ more than two persons, so the FLSA applies in this case on an enterprise basis.

8. Defendants' employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant

to 28 U.S.C. § 1367 because they arise under the same facts.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## **PARTIES**

11.     Plaintiff, Jinwook Kook, is a resident of Portage, Michigan, and worked for Defendant as a non-exempt employee of Defendants.

12.     Plaintiff, Darrick Hubbard, is a resident of Portage, Michigan, and worked for Defendant as a non-exempt employee of Defendants.

13.     Defendant SURA USA, Inc. ("SURA") is a Michigan corporation with its principal place of business located at 6909 W. Q Avenue, Kalamazoo, Michigan 49009.

14.     SURA's registered agent is currently listed as Deok Soon Ko and SURA's registered office address is listed as 9968 Sea Breeze Ct., Portage, Michigan 49002. ***Exhibit A***.

15.     Defendant Hye Ri Chun is a co-owner of SURA and she resides at 9968 Sea Breeze Ct., Portage, Michigan 49002.

16.     Defendant Kiyul Cho is a co-owner of SURA and he also resides at 9968 Sea Breeze Ct., Portage, Michigan 49002.

17.     Upon information and belief, Defendants Chun and Cho are married.

18.     Defendants Chun and Cho jointly own and operate SURA.

19.     Defendants SURA, Chun, and Cho are "joint employers" within the meaning of the FLSA, and have, to their mutual financial benefit and competitive business advantage, harmed Plaintiffs in violation of the FLSA.

## GENERAL ALLEGATIONS

20. Defendants Chun and Cho jointly own and operate SURA, a Japanese restaurant located in Kalamazoo, Michigan.

21. Defendants hired Plaintiffs in December 2017 as non-exempt employees.

22. In order to operate their restaurant, Defendants employ cooks, sushi chefs, dishwashers, hosts, bussers, servers, and bartenders.

23. Although Plaintiffs were primarily employed as cooks, Defendants employed them to perform any number of non-exempt job duties including but not limited to preparing food, cooking, washing dishes, unloading trucks, tracking inventory, folding boxes, building shelves, cleaning, and any other tasks as required by Defendants.

24. Plaintiff Kook worked approximately 70-80 hours per week as required by Defendants from December 2017 until his termination in March 2018.

25. Defendants did not record Plaintiff Kook's work hours at any time during his employment.

26. Throughout his employment, Defendants paid Plaintiff Kook a weekly salary of $1200 regardless of the number of hours he worked. *See e.g.*, Kook paystubs at **Exhibit B**.

27. After Defendants terminated Plaintiff Kook's employment on March 13, 2018, it failed to tender his final paycheck.

28. Plaintiff Hubbard worked approximately 60 hours per week as required by Defendants from December 2017 until January 2018.

29. During his employment, Defendants paid Plaintiff Hubbard a weekly salary of $500 but did not record Hubbard's work hours accurately. *See e.g.*, paystub at **Exhibit C**.

30. Plaintiff Hubbard confronted SURA (specifically, Defendant Cho) on numerous

occasions regarding SURA's inaccurate recordkeeping and resulting pay. However, SURA failed to correct its inaccurate timekeeping records.

31. Plaintiffs' paystubs demonstrate that Plaintiffs were not paid overtime wages and one and one-half their regular hourly rate despite working more than 40 hours in workweek.

32. Plaintiffs are owed overtime for all work they performed over 40 hours in a workweek, including off-the-clock work, which is not accounted for in Defendants' records.

33. These unlawful pay practices are widespread and are occurring, to some extent, with all of Defendants' non-exempt employees and Plaintiffs seek to provide notice of this action to all similarly situated employees.

34. Defendants Chun and Cho jointly own and operate SURA and all Defendants jointly issued payroll checks to Plaintiffs and other SURA employees. *See* **Exhibits B** and **C**.

35. Defendants Chun and Cho had to power to hire and fire Plaintiffs and other SURA employees.

36. Defendants Chun and Cho supervised and controlled Plaintiffs' and other SURA employees' work schedules or employment conditions.

37. Defendants Chun and Cho determined the rate and method of payment for Plaintiffs and other SURA employees.

38. Plaintiffs' paychecks and allegations establish *prima facie* violations of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39. At all times within the applicable statute of limitations, Defendants refused to pay its non-exempt employees overtime wages for hours worked over 40 in a week.

40. Accordingly, Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

> *All current and former employees who worked for Defendants at any time during the last three years.*

(hereinafter referred to as the "Collective"). Plaintiffs reserve the right to amend this definition if necessary.

41. Excluded from the proposed Collective are any of Defendants' exempt employees, including executives, administrative and professional employees, computer professionals, and outside sales persons.

42. Upon information and belief, Defendants do not employ any non-exempt employees.

43. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b).

44. The employees on behalf of whom Plaintiffs bring this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

45. The employment relationships between Defendants and every non-exempt employee are similar and differ only by job title and rate of pay. The key issues – a policy of working off-the-clock and not being paid overtime – does not vary substantially from employee to employee.

46. The key legal issues are also the same for every putative collective member, to wit: (1) whether their time was properly recorded; and (2) whether they were paid overtime for hours worked over 40 in a week.

47. Plaintiffs estimate that the Collective, including both current and former

6

employees over the relevant period, will include dozens of individuals. The precise number of individuals should be readily available from a review of Defendants' personnel and payroll records.

48.     The FLSA Collective is readily identifiable and locatable through use of the Defendants' payroll records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## COUNT I

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME  (U.S.C. § 201, *et seq.*)

49.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully stated herein.

50.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

51.     Defendants' annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis.

52.     Defendants' employees engage in interstate commerce and, therefore, they are also covered by the FLSA on an individual basis.

53.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

54.     Plaintiffs worked significant overtime hours per week while employed by Defendants, as described above.

55. Defendants violated the FLSA by failing to pay Plaintiffs overtime compensation, at the rate of one and one-half times their regular hourly rate, for all hours worked in excess of 40 per workweek.

56. Plaintiffs were not exempt from the overtime pay requirements of the FLSA.

57. The Fair Labor Standards Act requires all employers to keep all payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees).  See 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

58. Defendants' violations of the FLSA were willful, with knowledge or reckless disregard of the statutory overtime requirements, as demonstrated by a deliberate scheme to pay Plaintiffs a flat weekly rate for all hours worked, including hours in excess of 40 per week.

59. Defendants were the joint employers of Plaintiffs and all similarly situated employees.

60. As a result of the foregoing, Plaintiffs were injured and seek appropriate relief against Defendants including back pay, liquidated damages, reasonable attorneys' fees and costs, and all other relief just and appropriate in the circumstances.

### COUNT II

### VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.11, *et seq*. -- FAILURE TO PAY MINIMUM WAGE

61. Plaintiff Hubbard hereby incorporates all of the preceding paragraphs.

62. Defendants and Plaintiff Hubbard are "employers" and "employees" for the purposes of the WOWA, § 408.412.

63. WOWA § 404.413 states that an "employer shall not pay any employee at a rate that is less than prescribed in this act."

64. Thus, Plaintiff Hubbard was entitled to his full minimum wages pursuant to Michigan's wage and hour laws. WOWA §§ 408.414 and 408.414d.

65. The Michigan Minimum Wage exceeded the federal Minimum Wage at all relevant times:

|  | Minimum Wage | Tipped Rate |
|---|---|---|
| January 1, 2017 | $8.90 | $3.38 |
| January 1, 2018 | $9.25 | $3.52 |

66. Plaintiff Hubbard was paid $500 for weeks in which he worked 60 hours. Thus, his effective hourly rate for those weeks equaled approximately $8.33 which was far less than the applicable minimum wage.

67. Defendants violated Michigan law, including WOWA §§ 408.414 and 408.414d, by failing to compensate Plaintiff Hubbard at the appropriate minimum wage as described in this Complaint. As a result, Plaintiff Hubbard suffered loss of income and other damages. Accordingly, Plaintiff Hubbard is entitled to recover unpaid wages owed, plus all damages, fees and costs, available under WOWA, MCL § 408.411, *et seq*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs, on behalf of themselves and the putative Collective members, requests an order for relief as follows:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all collective action members, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

c. Declaring Defendants violated the FLSA and the Department of Labor's attendant

      regulations as cited herein;

d. Declaring Defendants' violation of the FLSA was willful;

e. Declaring Defendants violated WOWA §§ 408.414 and 408.414d and that said violations were intentional or willful;

f. Granting judgment in favor of Plaintiffs and against Defendants and awarding Plaintiffs and the collective action members the full amount of damages and liquidated damages available by law;

g. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

h. Awarding pre- and post-judgment interest to Plaintiffs on their damages; and

i. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs, Jinwook Kook and Darrick Hubbard, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

                                                Respectfully submitted,

Dated:  April 11, 2018           */s/Jesse L. Young*
                                          Jesse L. Young (P72614)
                                          KREIS, ENDERLE, HUDGINS & BORSOS, P.C.
                                          8225 Moorsbridge, PO Box 4010
                                          Kalamzoo, Michigan 49003-4010
                                          (269) 321-2311
                                          jyoung@kreisenderle.com

                                          *Counsel for Plaintiffs*